I agree that the trial court erred when it suppressed the Defendant's confession because Miranda warnings were not given. As Judge Brogan explains, the circumstances fail to portray a condition of police custody which renders a suspect's confession involuntary absent Miranda warnings. However, the voluntariness
of the Defendant's statement is not the determining issue. That issue is whether the officers, having performed an illegal search, exploited that illegality by questioning the Defendant about the crime to which the search or evidence it has produced relates. See 5 LaFave, Search and Seizure, Section 11.4(c). Where it is shown "that a confession was the fruit of a prior illegal search, in most such cases there is little doubt as to what the result should be." Id., a p. 272. That result is suppression. Further, failure to give Miranda warnings is irrelevant to that determination because "giving the defendant Miranda warnings will not break the causal chain between an illegal search and a subsequent confession." Id., at pp. 273-274.
In the typical situation about which Professor LaFave writes, a defendant is confronted with the evidence that police have illegally seized and is then questioned about it. That sequence of events is not demonstrated here. Instead, the question that police asked and the Defendant's admission coincided with the officers' discovery of crack cocaine in the Defendant's pocket. The trial court found that the discovery was tainted by the manipulations that Minnesota v. Dickerson (1993), 508 U.S. 366
prohibits. Whether a causal chain exists between that illegality and the Defendant's confession is a mixed question of fact and law for the trial court to decide. I would reverse and remand for further proceedings on the issue.